# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY, | CV F   04 5935 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1 ) |
| SALDANA, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

_____/

Bruce Patrick Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on July 6, 2004.  The Complaint alleges an Eighth Amendment violation by Defendants Saldana, Nelson, Yates and the Director of Corrections.

## A.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

2   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

3   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

4          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9   complaint under this standard, the court must accept as true the allegations of the complaint in

10  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13  **B. SUMMARY OF COMPLAINT**

14         Plaintiff alleges that on August 11, 2003, shortly after his arrival at Pleasant Valley State

15  Prison, he made a request to the Administrative Segregation/Orientation sick call Nurse to see a

16  Dentist as he was having a bad toothache.  Plaintiff was informed that he was to inform the Unit

17  Officer at breakfast of the need for emergency dental treatment.  On that Morning, Plaintiff made

18  his request to Housing Unit Officer Saldana.  Defendant Saldana questioned Plaintiff about his

19  tooth problem and informed him that he would have to wait until he left Orientation and was on

20  mainline before he would be seen.

21         Plaintiff filed a grievance requesting he ben taken to see a dentist and that Officer Saldana

22  refused to obtain treatment for him.  However, the grievance form was never returned to him.

23  Plaintiff states he then spoke with Sgt. Nelson asking if he had received the Complaint but he

24  said no.  Plaintiff then informed him of the nature of the problem and his need for medical care.

25  Plaintiff alleges that Defendant Nelson left but never returned.   Plaintiff states he filed a second

26  grievance but that it too was never returned to him.

27         Plaintiff alleges that he was held in Orientation for three weeks without dental treatment

28  and could not eat or drink water due to the pain he was in.  When Plaintiff was finally examined

by a dentist, some three weeks later, he was told that his tooth could have been saved had he

obtained treatment earlier.  Plaintiff alleges that Defendant Yates disregarded his grievance

because he declined to review Plaintiff's Complaint when it came across his desk.

## C. ANALYSIS

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

in another's affirmative acts or omits to perform an act which he is legally required to do that

causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

federal rights.

### 2. Eighth Amendment Medical Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual

punishment unless the mistreatment rises to the level of "deliberate indifference to serious

medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

"sufficiently culpable state of mind," which entails more than mere negligence, but less than

1  conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

2  A prison official does not act in a deliberately indifferent manner unless the official "knows of

3  and disregards an excessive risk to inmate health or safety."  Id.

4  In applying this standard, the Ninth Circuit has held that before it can be said that a

5  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

6  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

7  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

8  Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or

9  treating a medical condition does not state a valid claim of medical mistreatment under the

10  Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

11  because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

12  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

13  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

14  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate

15  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

16  1990).

17  Having examined the Complaint, the Court finds Plaintiff adequately states an Eighth

18  Amendment claim against Defendants Saldana and Nelson.  However, Plaintiff does not state a

19  cognizable claim for relief against any of the remaining Defendants.

20  *3.  Inmate Appeals - Due Process*

21  The Due Process Clause protects prisoners from being deprived of liberty without due

22  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

23  action for deprivation of due process, a plaintiff must first establish the existence of a liberty

24  interest for which the protection is sought.  "States may under certain circumstances create liberty

25  interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-

26  84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint

27  which "imposes atypical and significant hardship on the inmate in relation to the ordinary

28  incidents of prison life."  Sandin, 515 U.S. at 484.  Plaintiff's allegations concerning the appeals

4

process and its deficiencies "[do] not present the type of atypical, significant deprivation in

which a State might conceivably create a liberty interest." Id. at 484-86; Ramirez v. Galaza, 334

F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement

to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)

(existence of grievance procedure confers no liberty interest on prisoner).

Because Plaintiff does not have a liberty interest at stake with respect to the inmate

appeals process, Plaintiff's allegations against Defendant Yates do not give rise to a claim for

relief under section 1983 for violation of the Due Process Clause.

*4. Capacity & Supervisory Liability*

In his complaint, Plaintiff names the Director of the Department of Corrections and

Warden Yates as Defendants.  In amending his Complaint, Plaintiff is advised to carefully review

the following legal standards with respect to his claims against supervisory personnel such as the

Director and Warden's named.

The Eleventh Amendment bars damages actions against state officials in their official

capacity.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997);

Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th

Cir. 1992).  For this reason, a damages claim against defendants in their official capacities is not

cognizable and must be dismissed from the action.

The Eleventh Amendment does not bar suits seeking damages against state officials in

their personal capacity.  See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't

of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v.

Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  "Personal-capacity suits seek to impose personal

liability upon a government official for actions [the official] takes under color of state law.  See

Kentucky v. Graham, 473 U.S. 159, 165 (1988).  Where plaintiff is seeking damages against a

state official, such as in the instant action, this "necessarily implies" a personal-capacity suit

because an official-capacity suit would be barred.  See Cerrato v. San Francisco Community

College  Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game

Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged specific facts indicating that Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. For this reason, Plaintiff fails to state a claim for relief against defendants under section 1983.

**D. CONCLUSION AND ORDER**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment medical claim against Defendants Saldana and Nelson. However, Plaintiff's Complaint does not contain any other cognizable claims for relief. As such, the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable.  The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the defendants.  Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2.      The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

      a.      File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

      b.      Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.


IT IS SO ORDERED.

**Dated:**   **November 21, 2005**                         **/s/ Sandra M. Snyder**
icido3                                                    UNITED STATES MAGISTRATE JUDGE

7