# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY, | CV F   04 5935 AWI SMS P |
| Plaintiff, | |
| v. | |
| SALDANA, et. al., | |
| Defendants. | |

Bruce Patrick Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on July 6, 2004.  On November 22, 2005, the Court screened the Complaint and dismissed it with leave to amend. Plaintiff filed a First Amended Complaint on December 16, 2005.  On December 19, 2005, Plaintiff filed another Complaint also titled "First Amended Complaint." As an Amended Complaint supersedes the original Complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the Court will screen the most recently filed Amended Complaint, properly termed the Second Amended Complaint filed on December 19, 2005.

## A. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff names Correctional Officers R. Saldana and A.H. Nelson as Defendants in this action. Plaintiff alleges that after he arrived at Pleasant Valley State Prison in August of 2003, he asked the ad-seg/orientation nurse for permission to see a dentist as he was having a bad toothache. Plaintiff was instructed to tell the unit officer at breakfast on Thursday morning that he was in need of emergency dental treatment. That Thursday, Plaintiff made his request to C/O R. Saldana who was charged with making escorts to medical services that day. Plaintiff states that he saw Defendant Saldana escort four other inmates to medical services but when it was his turn, Defendant Saldana began to question him as to what was wrong with his tooth. He was then told that she was going to have to call "them" to see if they would see him. Plaintiff states he yelled to Defendant about 20 minutes later asking why he hadn't been taken to see the Dentist when Defendant Saldana informed him that he would have to see a dentist when he left

orientation and got to main line.  Plaintiff states he was held in orientation for three more weeks.

Plaintiff states he then filed an appeal regarding this issue which was never returned to him. Plaintiff spoke to C/O Nelson the following day and asked whether he had received the 602. Defendant Nelson said no.  Plaintiff then brought the matter to his attention.  Defendant Nelson then left and never returned.  Plaintiff filed a second grievance but it too was never returned. Plaintiff states that he was finally seen by a Dentist when he was released to the mainline and it was determined there was a hole in the second molar.  Plaintiff was informed that the tooth was too far gone and had he come to him sooner it could have been saved.

**C. CLAIMS FOR RELIEF**

   *1. Eighth Amendment*

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

1  County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050
2  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136
3  (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate
4  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
5  1990).

6       Plaintiff alleges insufficient facts demonstrating that the named Defendants knew of and
7  disregarded a serious risk to his health.  Plaintiff's allegations are conclusory in that he surmises
8  deliberate indifference because he did not get medical care when he requested it.  In order for
9  plaintiff to have a claim for relief against defendant Smith, he must allege that defendant
10 intentionally delayed or denied plaintiff access to medical care.  Plaintiff alleges no such facts in
11 the Complaint.

12 **D.  CONCLUSION**

13      The Court finds that Plaintiff's complaint does not contain any claims upon which relief
14 can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with
15 time to file an THIRD Amended Complaint curing the deficiencies identified above should he
16 wish to do so.

17      Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
18 resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
19 1980).  The Amended Complaint must specifically state how each Defendant is involved.
20 Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
21 connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,
22 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
23 F.2d 740, 743 (9th Cir. 1978).

24      Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint
25 be complete in itself without reference to any prior pleading.  As a general rule, an Amended
26 Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
27 1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any
28 function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

claim and the involvement of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

    The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Second Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File a Third Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file a Third Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

    Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 10, 2007**              **/s/ Sandra M. Snyder**
icido3                                  UNITED STATES MAGISTRATE JUDGE