# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY, | 1:04-cv-05935-AWI-SMS (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS UNCOGNIZABLE CLAIMS AND TO ALLOW SERVICE ON COGNIZABLE CLAIMS |
| R. SALDANA, et. al., | |
| Defendants. | (Docs. 1, 12, 14, 19, 24 & 26) |

**I.    FINDINGS**

Bruce Patrick Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2004, Plaintiff filed his original complaint. (Doc. 1.) On November 22, 2005, this Court dismissed his complaint with leave to amend. (Doc. 12.) On December 16, 2005, Plaintiff filed his first amended complaint . (Doc. 19.) On December 19, 2005, Plaintiff filed his second amended complaint. (Doc. 14.) On January 10, 2007, this Court dismissed his complaint with leave to amend. (Doc. 24.) On February 26, 2007, Plaintiff filed his third amended complaint. (Doc. 26.)

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B.      Summary of Plaintiff's Amended Complaint

Plaintiff is currently a state prisoner at California State Prison in Corcoran, California.  Plaintiff was formerly imprisoned at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the acts he complains of occurred.  Plaintiff names defendants: Correctional Officer R. Saldana and Sergeant D. Nelson.

Plaintiff alleges that: upon Plaintiff's arrival on August 8, 2003, Plaintiff was placed in administrative segregation/orientation; on August 11, 2003, Plaintiff asked the sick call nurse to see a dentist, complaining of a bad toothache; the nurse told Plaintiff to contact the unit officer at breakfast if Plaintiff was in need of an emergency dental treatment; Plaintiff contacted defendant Saldana that morning, requesting to go to medical services; Saldana questioned him as to why Plaintiff wanted to see the dentist; Plaintiff told her of his toothache; Saldana stated that she would call the medical services to see if they wanted to see him; Saldana never returned; Saldana

had taken four other inmates to medical services that morning, three Hispanic and one white inmate.

Plaintiff further alleges that: Plaintiff filed a grievance with the sergeant regarding Saldana's refusal to take him to a dentist; Plaintiff talked to defendant Nelson the next day regarding the grievance; Nelson replied that he had not; Plaintiff then told Nelson of his urgent need to see a dentist because of the severe pain Plaintiff was suffering at the time; Nelson left Plaintiff and never returned; Plaintiff filed a second grievance, which was never returned; Plaintiff was held in orientation for three (3) weeks without dental treatment; because of the pain from his tooth, Plaintiff could not eat or drink water; Plaintiff would wake up from pain every morning; upon Plaintiff's release from orientation into the main-line, Plaintiff went to see a main-line dentist; x-rays revealed a hole in Plaintiff's second molar; the dentist informed Plaintiff that the tooth would need to be removed and if Plaintiff had come to him sooner, the tooth may have been saved.

Plaintiff alleges a violation of the Eight Amendment regarding cruel and unusual punishment and the Fourteenth Amendment regarding racial discrimination. Plaintiff seeks monetary damages.

    **C.**    **Pleading Requirements**

        **1.** *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. **Claims for Relief**

#### 1. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges that defendants ignored Plaintiff's repeated requests for emergency dental treatment, resulting in unnecessary pain.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Estelle, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.  1992), overruled on other

grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges that defendant Saldana had promised to relay Plaintiff's medical request to the prison medical staff, but failed to do so. Plaintiff also alleges that he told defendant Nelson of his medical need but Nelson ignored Plaintiff. Plaintiff states that he suffered intense pain in his tooth such that he could not sleep restfully or eat or drink without intense pain. Plaintiff has stated a cognizable claim for deliberate indifference to a serious medical need against the defendants.

### 2. *Equal Protection*

Plaintiff alleges that defendant Saldana violated his Equal Protection rights because she took four inmates to see medical personnel, three of whom were Hispanic, one of whom was white, and ignored Plaintiff's request on account of Plaintiff being black. In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe, 775 F.2d at 1010. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren at 1194.

Plaintiff has failed to allege any facts that indicate defendant Saldana discriminated against Plaintiff on the basis of race. There are no facts that indicate defendant Saldana used race as a factor in ignoring Plaintiff's request for medical treatment. Plaintiff's claim of an Equal Protection violation on the basis of race is thus dismissed with prejudice.

## II. **RECOMMENDATION**

The Court finds that Plaintiff's third amended complaint states the following cognizable claim(s) for relief against Saldana and Nelson for violation of plaintiff's Eighth Amendment

6

right(s) regarding deliberate indifference to a serious medical need.  Plaintiff's third amended complaint does not state any other cognizable claims.

      Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

      1.      This action proceed on Plaintiff's third amended complaint filed on February 26, 2007, against defendants Saldana and Nelson for Plaintiff's Eighth Amendment claims regarding deliberate indifference to a serious medical need; and

      2.      Plaintiff's claims for violation of his rights under the Equal Protection Clause be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v.Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 15, 2008**　　　　　　　　　　**/s/ Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE