# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY, | 1:04-cv-05935-AWI-SMS-PC |
| Plaintiff, | ORDER RE MOTION TO COMPEL FILED BY PLAINTIFF |
| vs. | (Doc. 50) |
| R. SALDANA, et al., | ORDER FOR DEFENDANT SALDANA TO RESPOND TO INTERROGATORIES AND FOR DEFENDANTS SALDANA AND NELSON TO PRODUCE DOCUMENTS |
| Defendants. | AS INSTRUCTED BY THIS ORDER, WITHIN FORTY-FIVE (45) DAYS |
| | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS |

## I.  RELEVANT PROCEDURAL HISTORY

Plaintiff Bruce Patrick Haney ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on July 6, 2004.  (Doc. 1.)  This action now proceeds under the Third Amended Complaint, filed on February 26, 2007, on Plaintiff's claims for deliberate indifference to serious medical needs under the Eighth Amendment against Defendants Correctional Officer R. Saldana and Correctional Sergeant A. L. Nelson ("Defendants").  (Doc. 26.)

On June 1, 2009, the Court issued a Discovery/Scheduling Order establishing a deadline of February 1, 2010 for completion of discovery, including motions to compel, and a deadline of April 5, 2010 for filing pretrial dispositive motions.  (Doc. 47.)  The Court's order informed the parties that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is

1

first served." (Doc. 47 at 1 ¶2.) On September 9, 2009, Plaintiff filed a motion to compel discovery responses from Defendants and for sanctions.[1] (Doc. 50.) On September 30, 2009, Defendants filed an opposition to Plaintiff's motion. (Doc. 51.) Plaintiff did not file a reply.[2]

Plaintiff's motions to compel and for sanctions is now before the Court.

## II.    PLAINTIFF'S ALLEGATIONS AND EIGHTH AMENDMENT CLAIM

Plaintiff is currently a state prisoner at California State Prison in Corcoran, California. Plaintiff was formerly imprisoned at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the acts he complains of occurred.

In the Third Amended Complaint, Plaintiff alleges that, upon his arrival at PVSP, on August 8, 2003, Plaintiff was placed in administrative segregation/orientation. On August 11, 2003, Plaintiff asked the sick call nurse to see a dentist as he had a bad toothache. The nurse told Plaintiff to contact the unit officer at breakfast if Plaintiff was in need of an emergency dental treatment. Plaintiff contacted Defendant Saldana that morning, requesting to go to medical services. Defendant Saldana asked Plaintiff why he wanted to see the dentist to which Plaintiff responded by telling her of his toothache. Defendant Saldana stated that she would call medical services to see if they wanted to see him, but she never returned. Defendant Saldana took four other inmates to medical services that morning, three Hispanic and one Caucasian.

Plaintiff filed a grievance with the orientation housing unit sergeant regarding Defendant Saldana's refusal to take him to a dentist. Plaintiff talked to Defendant Sergeant Nelson the next day regarding the grievance, which Defendant Nelson said he had not received. Plaintiff told Defendant Nelson of his urgent need to see a dentist because of the severe pain Plaintiff was suffering at the time. Defendant Nelson left Plaintiff and never returned. Plaintiff filed a second grievance, which was never processed. Plaintiff was held in orientation for three weeks without dental treatment. Because of the pain from his tooth, Plaintiff could not eat or drink water. Plaintiff would wake up

---

[1] It is noted that Plaintiff filed two separate motions – one to compel further responses to interrogatories and one to compel further responses to his requests for production. However, both motions were errantly entered as one document on the Court's docket. (Doc. 50.)

[2] Plaintiff was provided with the requirements to support and/or oppose a motion to compel further responses to discovery on June 1, 2009. (Doc. 47.)

from pain every morning. Upon Plaintiff's release from orientation into the main-line, Plaintiff went to see a dentist. X-rays revealed a hole in Plaintiff's second molar. The dentist informed Plaintiff that the tooth would need to be removed and that the tooth might have been saved if he had seen Plaintiff sooner.

Plaintiff claims that Defendants Saldana and Nelson subjected him to cruel and unusual punishment in violation of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin*, 974 F.2d at 1060 (*citing Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

**III.   MOTIONS TO COMPEL**

Plaintiff moves the Court for an order requiring Defendant Saldana to provide complete responses to numbers 5 through 9 of Plaintiff's First Set of Interrogatories, served on July 2, 2009. Plaintiff also moves the Court for an order requiring Defendants Saldana and Nelson to produce documents in response to requests numbers 1 through 5 of Plaintiff's First Request for Production of Documents served on July 2, 2009.

### A.     Plaintiff's Position

Plaintiff asserts that on July 2, 2009, he served Defendant Saldana with a First Set of Interrogatories and only received partial responses to interrogatories numbered 5 through 9. (Doc. 50, Mot. To Comp., pp. 1-2.) Plaintiff also asserts that on July 2, 2009, he served a First Request for Production of Documents on Defendants Saldana and Nelson to which Defendants responded with objections and failed to produce any requested documents. (*Id.*, at pp. 9-11.) Plaintiff requests that Defendants be ordered to provide complete responses to his interrogatories and to produce the requested documents.

In presenting his motion to compel, Plaintiff does not address why the additional responses he seeks are relevant and/or why Defendants' objections are not justified. He also does not delineate any deficiencies in Defendants' written responses to his requests for production. Plaintiff merely states that he desires an order, pursuant to Rule 37(a) compelling Defendant R. Saldana to answer fully interrogatories numbered 5, 6, 7, 8, and 9 (Doc. 50, Mot. to Compl, 1:19-23); and that he desires an order compelling Defendants R. Saldana and D. Nelson to respond to his requests for production and then restates requests numbered 1 through 5 (*Id.*, at 9:19-10:20).

### B.     Defendants' Position

With regard to Plaintiff's Interrogatories to Defendant Saldana, Defendants object because Plaintiff failed to attach a copy of the discovery responses and failed to explain why he believes any of the interrogatory responses at issue are deficient. Defendants also argue that they should not be required to make further response to Plaintiff's request for production of documents, because they made valid objections, conducted a reasonable inquiry, and produced all responsive documents in their possession, custody, or control.

It is true that Plaintiff submitted a copy of his first set of interrogatories, but not the Defendants' responses. (*Id.*, at pp. 5-8.) However, Defendants courteously supplied copies of both in their opposition. (Doc. 51-2, Def. Opp., Exh. A.) Plaintiff did, however, submit both copies of his request for production and Defendants' written responses thereto. (Doc. 50, Mot to Compl., pp. 14-22.) Defendants addressed each of Plaintiff's delineated disputed discovery requests. In the interest of conserving the Court's limited resources, and given Defendants' opposing efforts, the

4

1  Court opts to reach the merits of Plaintiff's motion to compel, rather than perfunctorily deny the
2  motion without prejudice on a technicality.
3        Defendants also refer to and oppose a motion by Plaintiff to compel responses to
4  Interrogatories 6 through 8 by Defendant Nelson and for sanctions. (Doc. 51, Def. Opp., 5:5.)
5  However, the Court's record does not contain a motion by Plaintiff to compel responses to
6  interrogatories by Defendant Nelson or for sanctions against Defendant Nelson. The Court cannot
7  rule on what is not before it. Therefore, the Court shall not reach a decision here on such motion,
8  and Defendants' opposition thereto is disregarded.
9      **C.**    **Discussion**
10         **1.**    **Interrogatories**[3]
11       Plaintiff is entitled to seek discovery of any nonprivileged matter that is relevant to his
12 claims. Fed. R. Civ. P. 26(b)(1). The discovery sought may include information that is not
13 admissible as long as it appears reasonably calculated to lead to the discovery of admissible
14 evidence. *Id.* The responding party is obligated to respond to the interrogatories to the fullest extent
15 possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P.
16 33(b)(4). The responding party shall use common sense and reason, *e.g.*, *Collins v. Wal-Mart Stores,*
17 *Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008), and hyper-technical,
18 quibbling, or evasive objections will not be treated with favor.
19       A responding party is not generally required to conduct extensive research in order to answer
20 an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-
21 06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party
22 has a duty to supplement any responses if the information sought is later obtained or the response
23 provided needs correction. Fed. R. Civ. P. 26(e).
24     **Interrogatory No. 5:**
25         Have any complaints of staff misconduct ever been filed against you by inmates or co-workers?

---

27     [3] Plaintiff's discovery requests are replicated herein verbatim and identical to the form in which they were propounded (i.e. replete with typographical and grammatical errors). Defendants' responses are also replicated verbatim
28 herein.

5

**Defendant Saldana's Response:**
> Defendant objects on the ground that this interrogatory is overbroad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence because evidence of accusations or "complaints" are not admissible for any purpose. Defendant further object that this request seeks confidential information protected by state and federal privileges and California statutes, including California Penal Code sections 832.7 and 6126.3. Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal 1987); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1991). Federal Rule of Evidence 404(b) permits only evidence of actual prior crimes or bad acts, and limits their use to proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**Ruling:** Number 5 is overly broad as to type of misconduct. To the extent that it seeks information on incidents which are not factually similar to the allegations in the operative pleading it is not relevant and is not likely to lead to the discovery of admissible evidence. However, the Court grants Plaintiff's motion, subject to the limitation that this interrogatory is narrowed to include only those grievances, complaints, and the like filed against Defendant Saldana that involve claims similar to those raised by Plaintiff in the instant action – i.e. Defendant Saldana's deliberate indifference to an inmate's serious medical needs. (Doc. 26, 3rd Amd. Compl.)

**Interrogatory No. 6:**
> If your answer to Interrogatory #5, is, yes, Please list How many complaints have Been filed Against you, and the reason for Them.

**Defendant Saldana's Response:**
> Defendant objects on the ground that this interrogatory is overbroad and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence because evidence of accusations or "complaints" are not admissible for any purpose. Defendant further objects that this request seeks confidential information protected by state and federal privileges and California statutes, including California Penal Code sections 832.7 and 6126.3. Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal 1987); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1991). Federal Rule of Evidence 404(b) permits only evidence of actual prior crimes or bad acts, and limits their use to proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Defendant also objects on the ground that this interrogatory is compound.

**Ruling:** As stated above, number 5 is overly broad as to type of misconduct. Accordingly, since premised on number 5, number 6 is also overly broad as to type of misconduct and, to the extent that it seeks information on incidents which are not factually similar to the allegations in the operative pleading in this case, is not relevant, and is not likely to lead to the discovery of admissible evidence. However, the Court grants Plaintiff's motion, subject to the limitation that this interrogatory is narrowed to include only those grievances, complaints, etc. filed against Defendant Saldana that

involve claims similar to those raised by Plaintiff in the instant action – i.e. Defendant Saldana's deliberate indifference to an inmate's serious medical needs.  (Doc. 26, 3rd Amd. Compl.)

**Interrogatory No. 7:**
What Type of Training Have you received in Obtaining Emergency Medical/Dental Treatment for inmates.

**Defendant Saldana's Response:**
Defendant objects that this request is overbroad as to time.  Defendant also objects to the extent that this request is duplicative to Interrogatory No. 4, above.  Subject to and without waiving or limiting these objections, Defendant responds as follows: Saldana cannot recall any specific training regarding obtaining emergency medical or dental care when an inmate requires emergency medical or dental treatment, but Saldana was aware that nurses and/or MTAs were on duty and available should emergency situations arise, and that medical, dental, and mental health staff could be contacted with any concerns.

**Ruling:** Responding based solely on one's own memory does not equate to making a reasonable effort to respond to discovery requests.  The Court is not convinced that Defendant Saldana has no means available to ascertain whether she was provided any training in obtaining emergency medical/dental treatment for inmates, and if so, the type and a brief description thereof.  Defendants object that interrogatory number 7 is identical to interrogatory number 4.  Though Defendant Saldana's response to interrogatory number 4 is not subject to a motion to compel, from the exhibits submitted it is evident that both interrogatory number 4 and the response Defendant Saldana provided thereto are identical to that of interrogatory number 7.  However, this is a technicality such that Plaintiff's motion to compel a further response to interrogatory number 7 is granted in part and Defendant is to provide a further response, construing this interrogatory to seek information as to training that she was provided by the California Department of Corrections and Rehabilitation.  If Defendant conducts an inquiry and is still unable to provide a definitive response, she shall respond by delineating all unsuccessful efforts made to ascertain the information.

**Interrogatory No. 8:**
What were you Duties as an Administrative Segregation Unit Officer**.**

**Defendant Saldana's Response:**
Defendant objects that this interrogatory is overbroad as to time and scope and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, a the only issue in this case is whether Defendants violated Plaintiff's Eighth amendment rights when Saldana did not escort Plaintiff to the dental office for treatment on August 11, 2003, and when Nelson subsequently failed to ensure that Plaintiff was escorted for treatment.  Subject to and without waiving or limiting these objections, Defendant Saldana responds as follows: Saldana was

7

responsible for providing necessary supplies (including clothing, hygiene, writing supplies, and books), preparing and serving meals, escorting administrative segregation inmates to the yard, and escorting administrative segregation and orientation inmates to pre-scheduled medical, mental health, and dental appointments. Saldana was not responsible for scheduling medical or dental appointments, and had no authority over medical staff.

**Ruling:** Defendant's response, despite stating objections, appears to have listed Defendant Saldana's duties. Plaintiff does not delineate what, if anything, he feels is a deficiency with this response and the Court finds none. Plaintiff's motion to compel a further response to interrogatory number 8 is denied.

**Interrogatory No. 9:**
Was one of your Duties as an Administrative segregation Officer to Escort inmates to and from Medical or Dental office.

**Defendant Saldana's Response:**
Defendant objects that this interrogatory is overbroad as to time and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent that this interrogatory is duplicative with Interrogatory No. 8 above. Subject to and without waiving these objections, Defendant responds as follows: Saldana was responsible for escorting inmates to and from pre-scheduled medical, mental health, and dental appointments. Saldana was not responsible for collecting requests submitted by inmates to be evaluated by medical or dental staff, or for scheduling sick-call, medical or dental appointments. And Saldana had no authority over medical staff.

**Ruling:** Defendant's response, despite stating objections, appears to have stated Defendant Saldana's duties in regards to escorting inmates for pre-scheduled appointments -- specifically delineating that her duties did not include collecting requests by inmates to be evaluated and that she had no authority over medical staff. Plaintiff does not identify anything he feels is a deficiency with this response. The Court finds no deficiencies with this response – particularly since this interrogatory was worded in such a manner as would have been sufficiently answered by merely stating "yes" or "no." Plaintiff's motion to compel a further response to interrogatory number 9 is denied.

### 2. Requests for Production

Federal Rule of Civil Procedure 34 allows a party to serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has

the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995).  Accordingly, a party may be required to produce documents turned over to an agent, such as its attorney or insurer.  *E.g.*, *Henderson v. Zurn Indus.*, 131 F.R.D. 560, 567 (S.D. Ind.1990).  The party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(E)(I).  Further, the responding party has a duty to supplement any responses if the information sought is later obtained, or the response provided needs correction.  Fed. R. Civ. P. 26(e).

>**Request for Production No. 1:**
>The complete rules/regulations, in effect as of June 2003, concerning the Procedure for receiving emergency Dental Treatment.
>
>**Defendants' Response:**
>Defendants object that this request is vague and ambiguous as to the phrase "the Procedure for receiving emergency Dental Treatment."  Defendants object that this request is overbroad as to time, and is not relevant or reasonably calculated to lead to the production of admissible evidence because Plaintiff's allegations in this action concern alleged delays in his dental treatment from August 15, 2003, until September 10, 2003.  Subject to and without waiving or limiting these objections, and assuming Plaintiff seeks the procedures for providing emergency dental treatment that were in effect from August 15, 2003, until September 10, 2003, at Pleasant Valley State Prison (PVSP), Defendants respond as follows: Defendants have no responsive documents in their possession, custody, or control.

**Ruling:**   The Court is not convinced that Defendants have no means available to obtain a copy of the rules/regulations concerning obtaining emergency dental treatment for inmates in effect from August 15, 2003 through September 10, 2003 at Pleasant Valley State Prison.  Plaintiff's motion to compel a further response to request for production number 1 is granted in as much as Defendants are to provide a further response, construing this request to seek a copy of the rules/regulation in effect at Pleasant Valley State Prison from August 15, 2003 through September 10, 2003 as to the procedures to be utilized to obtain emergency dental treatment for inmates.  If Defendants conduct an inquiry and are still unable to provide a definitive response, they shall respond by producing any documents obtained and delineating all unsuccessful efforts made to ascertain the information.

/ / /

**Request for Production No. 2:**
>The Full names and whereabouts of Dental Medical staff that supposedly Informed correctional officer R. Saldana, that the plaintiff would not receive Dental Treatment That day at the Facility D medical clinic.

**Defendants' Response:**
>Defendants object that this request is vague and ambiguous and calls for speculation as to the phrases "whereabouts" and "that day." Defendants further object that this request is phrased as an interrogatory, not a request for production of documents. Subject to and without waiving or limiting these objections, and assuming Plaintiff seeks documents containing the names of and current contact information for the dental staff who informed Saldana that Plaintiff would not be seen for treatment, Defendants respond as follows: Defendants have no responsive documents in their possession, custody, or control.

**Ruling:** It is true that this request, as phrased, is more akin to an interrogatory than a request for production of documents. However, this is a technicality and the Court is not convinced that Defendants have no means available to obtain the names and contact information as to the dental staff who advised Defendant Saldana, between August 15, 2003 and September 10, 2003, that Plaintiff would not receive dental treatment at the Facility D medical clinic – which is obviously relevant to Plaintiff's claims. Plaintiff's motion to compel a further response to request for production number 2 is granted and Defendants are to provide a further response, construing this request to seek documentation showing the names of persons and contact information of all dental staff who may have advised Defendant Saldana, between August 15, 2003 and September 10, 2003, that Plaintiff would not receive dental treatment at the Facility D medical clinic. In the alternative, and at defense counsel's option, this request may be interpreted as an interrogatory such that a list of names and contact information may be generated in response hereto. Defense counsel may redact all information as to any current prison staff's personal residences and/or any contact information outside of the California Department of Corrections and Rehabilitation. Any former California Department of Corrections and Rehabilitation employees are to be identified via their names and last known addresses. If Defendants conduct an inquiry and are still unable to provide a definitive response, they shall respond by delineating any information obtained and all unsuccessful efforts made to ascertain the information.

**Request for Production No. 3:**
>The Names and locations of All staff members Assigned to the Facility D medical clinic, at Pleasant Valley state Prison, during the months from June 1st, 2003, to July 31st 2003. This Includes all staff on overtime.

**Defendants' Response:**
Defendants object that this request is vague and ambiguous and calls for speculation as to the phrases "locations." Defendants further object that this request is phrased as an interrogatory, not a request for production of documents. Defendants object that this request is overbroad as to time, and is not relevant or reasonably calculated to lead to the production of admissible evidence because Plaintiff's allegations in this action concern alleged delays in his dental treatment from August 15, 2003, until September 10, 2003. Subject to and without waiving or limiting these objections, and assuming Plaintiff seeks documents containing the names of and current contact information for staff members assigned to the Facility D medical clinic at PVSP from August 15, 2003, until September 10, 2003, Defendants respond as follows: Defendants have no responsive documents in their possession, custody, or control.

**Ruling:** It is true that this request, as phrased, is more akin to an interrogatory than a request for production of documents. However, this is a technicality and the Court is not convinced that Defendants have no means available to obtain the names and contact information as to staff members assigned to the Facility D medical clinic at Pleasant Valley State Prison between August 15, 2003 and September 10, 2003. Plaintiff's motion to compel a further response to request for production number 3 is granted and Defendant is to provide a further response, construing this request to seek documentation showing the names of persons and contact information of all staff members assigned to the Facility D medical clinic at Pleasant Valley State Prison between August 15, 2003 and September 10, 2003. In the alternative, and at defense counsel's option, this request may be interpreted as an interrogatory such that a list of names and contact information may be generated in response hereto. Defense counsel may redact all information as to any current prison staff's personal residences and/or any contact information outside of the California Department of Corrections and Rehabilitation. Any former California Department of Corrections and Rehabilitation employees are to be identified via their names and last known addresses. If Defendants conduct an inquiry and are still unable to provide a definitive response, they shall respond by delineating any information obtained and all unsuccessful efforts made to ascertain the information.

**Request for Production No. 4:**
The Names and locations of All staff members Assigned to the Facility D Administrative segregation/orientation unit, second and Third watch, during the months of June 1st, 2003, and July 31st, 2003.

**Defendants' Response:**
Defendants object that this request is vague and ambiguous and calls for speculation as to the phrases "locations." Defendants further object that this request is phrased as an interrogatory, not a request for production of documents. Defendants object that this request is overbroad as to time, and is not relevant or reasonably calculated to

11

>lead to the production of admissible evidence because Plaintiff's allegations in this action concern alleged delays in his dental treatment from August 15, 2003, until September 10, 2003.  Subject to and without waiving or limiting these objections, and assuming Plaintiff seeks documents containing the names of and current contact information for staff members assigned to the Administrative Segregation and Orientation unit at PVSP during the second and third watch from August 15, 2003, until September 10, 2003, Defendants respond as follows:  Defendants have no responsive documents in their possession, custody, or control.

**Ruling:**  It is true that this request, as phrased, is more akin to an interrogatory than a request for production of documents.  However, this is a technicality and the Court is not convinced that Defendants have no means available to obtain the names and contact information as to staff members assigned to the second and third watch of the Administration Segregation Unit from August 15, 2003 through September 10, 2003.  Plaintiff's motion to compel a further response to request for production number 4 is granted and Defendants are to provide a further response, construing this request to seek documentation showing the names of persons and contact information of all staff members assigned to the second and/or third watch of the Pleasant Valley State Prison Administration Segregation Unit from August 15, 2003 through September 10, 2003.  In the alternative, and at defense counsel's option, this request may be interpreted as an interrogatory such that a list of names and contact information may be generated in response hereto.  Defense counsel may redact all information as to any current prison staff's personal residences and/or any contact information outside of the California Department of Corrections and Rehabilitation.  Any former California Department of Corrections and Rehabilitation employees are to be identified via their names and last known addresses.  If Defendants conduct an inquiry and are still unable to provide a definitive response, they shall respond by delineating any information obtained and all unsuccessful efforts made to ascertain the information.

>**Request for Production No. 5:**
>>Request a copy of the Duty of the officer in charge of the administrative segregation unit, concerning Inmates in need of emergency Medical/Dental Treatment.
>
>**Defendants' Response:**
>>Defendants object that this request is vague and ambiguous and calls for speculation as to the phrase "the Duty of the officer in charge," and is nonsensical.  Defendants object to the extent that Plaintiff seeks restricted documents that contain confidential information that, if released, could jeopardize the safety and security of the institution, inmates, or staff.  Subject to and without waiving or limiting these objections, and assuming Plaintiff seeks documents showing the duties of the officer in charge of the Administrative Segregation and Orientation unit at PVSP from

August 15, 2003, through September 10, 2003, Defendants respond as follows: Defendants have no responsive documents in their possession, custody, or control.

**Ruling:** It is true that the phrase "the Duty of the officer in charge" is nonsensical. However, this is easily rectified by logically correcting the typographical error so that the phrase reads "the duties of the officer in charge." While, providing a full copy of the duties of the officer in charge of an administrative segregation unit may in fact release information which could jeopardize the safety and security of the institution, inmates, and/or staff, Plaintiff's request is limited to seeking documents of the duties of the officer in charge specifically limited to those "concerning" inmates in need of emergency treatment. When accordingly limited, disclosure of such documents does not appear to jeopardize safety and security. Further, the Court is not convinced that Defendants have no means available to obtain a copy of the duties of the officer in charge of the Administration Segregation Unit, operative from August 15, 2003 through September 10, 2003, limited to that concerning inmates in need of emergency medical/dental treatment. To this end, Plaintiff's motion to compel is granted with the limitation that Defendants will provide a copy of the duties of the officer in charge of the Administration Segregation Unit, operative from August 15, 2003 through September 10, 2003, limited to that concerning inmates in need of emergency medical/dental treatment – all other duties may be redacted. Further, if, upon review of such documentation, it is still believed that its disclosure would jeopardize the safety and security of the institution, inmates, and/or staff, defense counsel shall so advise the Court for further resolution of the issue. If, on the other hand, Defendants conduct an inquiry and are still unable to provide a definitive response, they shall respond by delineating any information obtained and all unsuccessful efforts made to ascertain the information.

      **D.**    **Plaintiff's Request for Sanctions**

In his motions to compel further discovery responses, Plaintiff requested that Defendants be ordered to pay him the sum of one thousand dollars ($1,000.00) "as reasonable expenses in obtaining this order, on the grounds that the Defendants refusal to answer the interrogatories had no substantial justification." (Doc. 50, Mot. to Compl., p. 2.)

If a motion to compel is granted in part and denied in part, the Court "may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard,

1  apportion the reasonable expenses for the motion." Fed. R. Civ. Pro. 37(a)(5)(C).

2      In his motion, Plaintiff requests that the Court award him sanctions of one thousand dollars
3  ($1,000.00) on the grounds that Defendants refusal to answer interrogatories had no substantial
4  justification.  (Doc. 50, Mot. to Compl., 1:28-2:5.)  Defendants respond by arguing that their
5  objections were substantially justified; that they appropriately answered the discovery requests; that
6  Plaintiff did not identify any specific deficiency with Defendants' responses; that Plaintiff fails to
7  identify any "reasonable expenses" he incurred in bringing this motion; that as a pro se, Plaintiff is
8  not entitled to attorneys fees; and that, as an indigent inmate, Plaintiff is entitled to free copies of
9  legal documents and free unlimited mail to the court and the Attorney General's Office.  (Doc. 51,
10 Opp., 8:1-22.)  Further, the Court notes that Plaintiff's discovery requests were in artfully worded at
11 best so as to necessitate a number of limiting directions from the Court.  Under these circumstances,
12 an award of sanctions to Plaintiff would be unjust.

13     Accordingly, Plaintiff's request for sanctions in his motion to compel, filed September 9,
14 2009 is denied.

15 **IV.  ORDER**

16     Based on the foregoing, it is HEREBY ORDERED that:

17     1.    Plaintiff's motion to compel further responses from Defendant Saldana to
18         interrogatories 5, 6, and 7 is GRANTED, subject to the limitations set forth in this
19         order;

20     2.    Plaintiff's motion to compel further responses from Defendant Saldana to
21         interrogatories 8 and 9 is DENIED;

22     3.    Plaintiff's motion to compel further responses from Defendants Saldana and Nelson
23         to requests for production 1, 2, 3, 4, and 5 is GRANTED, subject to the limitations set
24         forth in this order;

25     4.    Plaintiff's request for sanctions is DENIED; and

26     5.    Defendants Saldana and Nelson are ordered to serve responses as delineated herein to
27         the discovery on which Plaintiff's motion to compel was granted within forty-five
28         (45) days of the date of service of this order.

1 | IT IS SO ORDERED.

3 | Dated:   August 24, 2010                    /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE