# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY, | CASE NO. 1:04-cv-05935-AWI-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 65) |
| SALDANA, et al., | |
| Defendants. | |

Plaitiff, Bruce Patrick Haney (hereinafter "Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2004. On July 26, 2010, Plaintiff objected and requested this Court to reconsider its order denying his motion for the appointment counsel. (Doc. 65, Obj. & Req. Recon, 3:5-6.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

1   "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). This Court is bound required to follow the opinions rendered by the Ninth Circuit Court of Appeals. The opinions from the Third Circuit Court of Appeal, which Plaintiff cites[1] in his motion for reconsideration, are neither new law, nor binding precedent for this Court. The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970. In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id. (citation and quotation marks omitted). Neither consideration is dispositive and they must be viewed together. Id.

Plaintiff's disagreement with the Court's order is not sufficient to support his motion for reconsideration. Plaintiff has not established that he is likely to prevail on the merits and the record demonstrates that Plaintiff is able to articulate his Eighth Amendment claims pro se.

Accordingly, Plaintiff's motion for reconsideration is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:    December 1, 2010**                    /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff cites Parham v. Johnson, 126 F.3d 454, 461 (3rd Cir. 1997) and Montgomery v. Pinchak, 294 F.3d 492, 499 (3rd Cir. 2002) on pages two and three, respectively, of his objection and request for reconsideration.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). This Court is bound required to follow the opinions rendered by the Ninth Circuit Court of Appeals. The opinions from the Third Circuit Court of Appeal, which Plaintiff cites[1] in his motion for reconsideration, are neither new law, nor binding precedent for this Court. The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970. In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Id. (citation and quotation marks omitted). Neither consideration is dispositive and they must be viewed together. Id.

Plaintiff's disagreement with the Court's order is not sufficient to support his motion for reconsideration. Plaintiff has not established that he is likely to prevail on the merits and the record demonstrates that Plaintiff is able to articulate his Eighth Amendment claims pro se.

Accordingly, Plaintiff's motion for reconsideration is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:    December 1, 2010**                    /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff cites Parham v. Johnson, 126 F.3d 454, 461 (3rd Cir. 1997) and Montgomery v. Pinchak, 294 F.3d 492, 499 (3rd Cir. 2002) on pages two and three, respectively, of his objection and request for reconsideration.