# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY,<br><br>          Plaintiff,<br><br>     v.<br><br>SALDANA, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:04-cv-05935-AWI-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING EMERGENCY COURT ORDER<br><br>(Doc. 79) |

Plaintiff, Bruce Patrick Haney (hereinafter "Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2004. On January 19, 2011, this Court issued Findings and Recommendations (the "F&R") recommending, among other things, that the Motion for Summary Judgment filed by Defendants Nelson and Saldana be granted and that the case be closed. (Doc. 72.) The parties were given thirty days from service of the F&R to file objections. (*Id.*) On January 31, 2011, Plaintiff filed a motion requesting a one-hundred twenty (120) day extension of time to file his objections to the F&R. (Doc. 73.) This request was granted and Plaintiff's objections are due by June 21, 2011. (Doc. 74.)

   On May 6, 2011, Plaintiff filed a "Notice of Motion and Motion Requesting Emergency Court Order," seeking an order directing the Warden of Corcoran State Prison to provide Plaintiff with copies of all his legal documents with court deadlines. (Doc. 79, 1:18-25.) Plaintiff states that he is having difficulty obtaining multiple copies of documents to comply with the filing requirement of serving a copy on Defendants in this case (and apparently others), and being able

1 to retain a copy of documents he files for his own records.  Plaintiff states that, even though he
2 has completed his objections to the F&R, the prison has refused to copy them.

3 The Court recognizes that prison administrators "should be accorded wide-ranging
4 deference in the adoption and execution of policies and practices that in their judgment are
5 needed to preserve internal order and discipline and to maintain institutional security." Whitley
6 v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).
7 Moreover, the Court lacks jurisdiction to issue an order requiring the prison to make copies for
8 Plaintiff and/or to impose any requirements on parties not presently before it.  *See* Zepeda v.
9 United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).   Accordingly, this Court
10 is unable to issue an order in this case imposing requirements on parties in other actions.  Id.

11 Since all of the defendants in this action are represented by the Attorney General's Office,
12 Plaintiff need not serve them with copies of his objections to the F&R as they will receive service
13 of the filing via the court's electronic filing system.  However, as an officer of the court, the
14 Deputy Attorney General assigned to this case is requested to contact the Litigation Coordinator
15 at CSP-Corcoran to facilitate the copying of one set of Plaintiff's objections to the F&R for
16 Plaintiff to retain with his records.  It is this Court's understanding that the California
17 Department of Corrections and Rehabilitation imposes limitations on copies for prisoner.  This
18 order is not asking that any such limitations be waived.  Rather, the Court is concerned by
19 Plaintiff's representation that the prison is refusing to copy *any* of his documents and, due to the
20 current posture (that the F&R will likely resolve the case in its entirety) and age of this case, the
21 Court desires to proceed without a further extension of time.  If necessary, the Deputy Attorney
22 General assigned to this case is granted leave to file a status report delineating its efforts and
23 responses received.

24 Accordingly, Plaintiff's Notice of Motion and Motion Requesting Emergency Court
25 Order, filed May 6, 2011 (Doc. 79), is hereby DENIED.

26 IT IS SO ORDERED.

27 **Dated:   May 9, 2011**             **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE
28

2