# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATRICK HANEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SALDANA, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-05935-AWI-SMS PC<br><br>ORDER FOR PLAINTIFF TO FILE STATEMENT OF STATUS<br><br><br>THIRTY(30) DAY DEADLINE |

　　　Plaintiff, Bruce Patrick Haney (hereinafter "Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 6, 2004. On January 19, 2011, this Court issued Findings and Recommendations ("the F&R") recommending, among other things, that the Motion for Summary Judgment filed by Defendants Nelson and Saldana be granted and that the case be closed. (Doc. 72.) The parties were given thirty (30) days from service of the F&R to file objections. (Id.) Plaintiff requested multiple extensions of time to file objections which were granted such that his objections were due July 18, 2011. (Docs. 73, 74, 81, 82, 84, 85.) Plaintiff filed objections. (Doc. 86.) The F&R was adopted in full, Defendants were granted summary judgment, and a defense judgment was entered. (Docs. 87, 88.) Plaintiff filed an appeal which affirmed in part, vacated in part, and remanded the matter; resulting in the case being reopened. (Docs. 89, 90, 91, 97, 101.)

　　　Subsequent attempts to serve Plaintiff with the order assigning the case to the undersigned (Doc. 100) have been unsuccessful. Service on Plaintiff at CSP- Corcoran, P.O. Box 3461, Corcoran, CA 93212-3461 (as noted on Plaintiff's filings through May 17, 2011 (*see*

Doc. 75)) was returned as undeliverable "Discharged."  Service on Plaintiff was again attempted, this time on the address noted on Plaintiff's filings beginning on July 5, 2011, CSP-Corcoran, P.O. Box 8800, Corcoran, CA 9321, but it was returned as undeliverable "Refused."

Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (*quoting* Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Judicial notice is taken of the Notice of Change of Address which Plaintiff filed in Haney v. Epstein, et al., 1:10-cv-01506-LJO-SKO, Doc. 30.  According to that document, Plaintiff's most recent address is 13109 Mercer Street, Pacioma, CA 91331.  Further, Plaintiff was represented on appeal and the same counsel may intend to represent Plaintiff in this action -- though no substitution of representation has been filed.  However, effort will be made to elicit a response from Plaintiff both at the Pacioma address and via appellate counsel.  These are the last alternatives the Court has to attempt service on Plaintiff.  If Plaintiff does not respond to this

order, dismissal for Plaintiff's failure to prosecute will be warranted based on the Court's inability to communicate with Plaintiff.  *See* Carey, 856 F.2d at 1441.

Accordingly, it is HEREBY ORDERED that:

1. within thirty (30) days of the date of service of this order Plaintiff shall file a statement in this case advising whether Plaintiff intends to proceed in this action;
2. if Plaintiff intends to proceed in this action, he shall advise whether he will continue pro se or will be represented;
3. if Plaintiff intends to proceed pro se, he must provide his current address in his statement;
4. if Plaintiff's counsel on the appeal in this action intends to represent Plaintiff in this case, a substitution of attorney must be filed within thirty (30) days of the date of service of this order;
5. failure to comply with this order will result in the action being dismissed for failure to prosecute; and
6. the Clerk's Office is to serve a copy of this order on Plaintiff at the Pacioma address[1] and on Plaintiff's appellate counsel[2] along with Plaintiff's current address[3] on record in this action.

IT IS SO ORDERED.

**Dated:   October 30, 2012**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Bruce Haney, 13109 Mercer Street, Pacioma, CA 91331.

[2] O'Melveny & Myers, LLP, 1999 Avenue of the Stars, Los Angeles, CA 90067.

[3] CSP-Corcoran, P.O. Box 8800, Corcoran, CA 93212-8309.

3