1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  THOMAS S. PATTERSON, State Bar No. 202890
   Supervising Deputy Attorney General
3  JAIME M. GANSON, State Bar No. 230206
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 324-6421
6    Fax: (916) 324-5205
     E-mail: Jaime.Ganson@doj.ca.gov
7
   *Attorneys for Defendants Nelson and Saldana*
8
   MICHAEL G. YODER, State Bar No. 83059
9    E-mail: myoder@omm.com
   STEPHANIE L. NOBLE, State Bar No. 260655
10   E-mail: snoble@omm.com
   ERIKA M. RASCH, State Bar No. 275815
11   E-mail: erasch@omm.com
   CHRISTOPHER S. WHITTAKER, State Bar No. 274699
12   E-mail: cwhittaker@omm.com
   O'MELVENY & MYERS LLP
13   610 Newport Center Drive, Suite 1700
   Newport Beach, California 92660-6429
14
   Telephone: (949) 760-9600
15 Facsimile: (949) 823-6994

16
   *Attorneys for Plaintiff Bruce Patrick Haney*
17

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **BRUCE PATRICK HANEY,** | 1:04-CV-05935- AWI-SMS-PC |
| Plaintiff, | **SECOND JOINT APPLICATION TO MODIFY PRE-TRIAL AND TRIAL DEADLINES; STIPULATION AND ORDER** |
| v. | |
| **R. SALDANA, et al.,** | |
| Defendants. | |

///

1

**JOINT APPLICATION**

The parties hereby seek a further extension of the pre-trial and trial deadlines to permit the parties to continue their good-faith settlement discussions, while staying expensive fact and expert discovery until the parties can ascertain whether they will reach a settlement. The parties have been diligent during the previously-granted two-month extension, engaging in productive settlement discussions that find the parties optimistic that a settlement can ultimately be reached. However, the logistics involved for each party's counsel to obtain settlement authorization have resulted in a slower-than-usual pace for the parties' discussions. As a result, the parties require additional time, and respectfully request that this Court modify the scheduling order as requested herein.

District courts are required to construe and apply the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action," and may modify a scheduling order for good cause. Fed. R. Civ. P. 1, 16(b)(4). Good cause exists when a deadline cannot be met despite due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A reviewing court's inquiry focuses on the moving party's reasons for seeking modification. *Id.*

Here, good cause exists to modify the scheduling order because the parties have diligently pursued settlement for the past two months, making significant progress while deferring (and perhaps avoiding entirely) the costs of additional discovery. The parties are now much closer to an agreement than they were in September, and a further extension is thus warranted to prevent the parties from incurring additional discovery expenses (in particular, retaining experts and conducting out-of-state depositions) which may prove needless if the settlement discussions result in an agreement. Moreover, the period of extension sought for the discovery deadlines— approximately three months—is appropriate given the complexities involved for Defendants in obtaining settlement authorization and for Plaintiff in receiving notice of settlement figures because of his incarceration in Los Angeles County Jail.[1]  If the parties are unable to reach an

---

[1] California jails are administered by the counties, not the CDCR.

1  agreement in the near future, the extension should allow the parties sufficient time to resume their
2  efforts to complete the remaining discovery necessary to prepare this action for trial.
3       The parties agree that good cause exists to modify the Scheduling Order.  The parties have
4  obtained one prior extension in this matter, and they anticipate that the presently requested
5  extension will allow sufficient time for the parties to determine whether an agreement will be
6  reached.  The parties stipulate to the pre-trial and trial deadlines delineated in the attached
7  stipulation and proposed order, and respectfully request that the Court modify the current
8  deadlines accordingly.

## STIPULATION AND ORDER

10      The parties, through their respective counsel of record, hereby AGREE and STIPULATE
11  that the Court's September 19, 2013 Amended Scheduling Order (ECF No. 117) shall be
12  modified as follows:
13      1.   The deadline to designate an expert and exchange any expert report(s) shall be
14           Tuesday, February 11, 2014;
15      2.   The Supplemental Expert Disclosure and Non-Expert Discovery Deadlines shall
16           be Monday, March 10, 2014;
17      3.   The deadline for filing any Non-Dispositive Motion shall be Monday, March 10,
18           2014;
19      4.   The Expert Discovery Deadline shall be Friday, April 11, 2014;
20      5.   The deadline for filing any Dispositive Motions shall be Friday, April 11, 2014;
21      6.   A Settlement Conference, if required, shall occur on Wednesday, May 14, 2014, or
22           on such other date as is convenient for the Court;
23      7.   The pre-trial conference shall be held on Wednesday, ~~August 6~~ July 16 (/s/SMS),
24           2014, or on such other date as is convenient for the Court;
25  ///
26  ///
27  ///
28  ///

3

8. A jury trial shall begin on ~~Mon~~ Wednesday, September ~~1~~ 3(/s/SMS), 2014 (estimated 3-5 days), or on such other date as is convenient for the Court.

Dated: November 12, 2013

/s/ *Jaime M. Ganson* (as authorized on 11/12/13)
_____
JAIME M. GANSON
Deputy Attorney General
*Attorneys for Defendants Nelson and Saldana*

Dated: November 12, 2013

/s/ *Stephanie L. Noble*
_____
STEPHANIE L. NOBLE
O'Melveny & Myers LLP
*Attorney for Plaintiff Bruce Patrick Haney*

**IT IS SO ORDERED.**

Dated: 11/18/2013

/s/ SANDRA M. SNYDER
UNITED STATES MAGISTRATE JUDGE